**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

VAN HAI VO,

Petitioner,

v. Case No. 3:26-cv-1340-WWB-SJH

WARDEN, BAKER CORRECTIONAL INSTITUTE, et al.,

Respondents.

---

# ORDER

Petitioner, an immigration detainee at Central Valley Annex,[1] initiated this action, with help from counsel, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Federal Respondents filed a Response (Doc. 8) with exhibits (Doc. 8-1 to 8-2). Petitioner then filed a counseled Reply (Doc. 9). The case is ripe for review.

## I. PETITION AND BACKGROUND

Petitioner, a native of Vietnam, was admitted into the United States as a refugee on January 30, 1981. (Doc. 1 at 4–5; Doc. 8-1 at 2). Petitioner was fourteen years old at that time. (Doc. 1 at 4). On April 24, 1984, he adjusted his status to that of a lawful permanent resident. (Doc. 8-1 at 2). On February 9, 2004, an immigration judge ordered Petitioner removed. (Doc. 1 at 5). A few months later, on May 26, 2004, ICE released Petitioner on an Order of Supervision ("**OSUP**"). (Doc. 8-1 at 7, 21). ICE detained

[1] When Petitioner initiated this case, he was detained at Baker County Detention Center in Macclenny, Florida, which is located within this Court's jurisdiction. (*See* Doc. 1 at 3).

Petitioner on October 6, 2025, to execute his removal order. (Doc. 1 at 5–6). It has since revoked Petitioner's OSUP. (Doc. 8-2 at 2).

Petitioner remains in ICE custody. He asserts that his prolonged detention has violated his rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and his detention without an adequate individualized determination violates the Fifth Amendment. (Doc. 1 at 8–12). As relief, he seeks, *inter alia*, immediate release from immigration detention. (*Id.* at 13).

Because the Court finds that Petitioner is entitled to relief on *Zadvydas* claims; it need not address his other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025)[2] ("Because the Court will grant petitioner's petition on the basis of his *Zadvydas* claims, . . . it need not reach petitioner's remaining claims that contest petitioner's detention.").

## II. ANALYSIS

Once an alien is ordered removed, immigration detention is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021) ("[Section] 1231 explains what to do if the alien is ordered removed."); *see also Deshati v. Noem*, No. 25-cv-15940, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025) ("The statute governing post-

---

[2] Although district court orders are not binding, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

final order of removal immigration detention is 8 U.S.C. § 1231.”). Pursuant to § 1231(a)(1)(A), “when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days.” During the removal period, detention is mandatory. 8 U.S.C. § 1231(a)(2)(A).

The Supreme Court has held that indefinite detention of aliens raises serious constitutional concerns. *Zadvydas*, 533 U.S. at 690–99. Once an order of removal is final, the government may continue to detain an alien only for a reasonable amount of time. *See id.* at 699–701. The reasonableness of the detention is to be measured “primarily in terms of the statute’s basic purpose, namely, assuring the alien’s presence *at the moment of removal*.” *Id.* at 699 (emphasis added). The Supreme Court held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* at 700–01. “Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period [from section 1231(a)(1)(A)] plus 90 days thereafter.” *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed, if the alien “provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.” *Id.* at 1052 (quoting *Zadvydas*, 533 U.S. at 701). Thus, “in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.” *Id.* If an alien makes these showings, then the burden shifts to the government to rebut the presumption

with sufficient evidence establishing that there is a "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Here, ICE took Petitioner into custody on October 6, 2025, and he filed this case 227 days later, on May 21, 2026. (Doc. 1 at 6). Federal Respondents do not appear to dispute that Petitioner was in ICE custody for over six months at the time he filed this case. (*See generally* Doc. 8). Thus, the Court must consider whether Petitioner has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

Petitioner states that despite his order of removal becoming final in 2004, Petitioner has remained in the United States on an OSUP for more than twenty years. (Doc. 1 at 7). He maintains that removal is unlikely to occur in the reasonably foreseeable future because he is excluded from the repatriation agreement between Vietnam and the United States, given that it applies only to Vietnamese nationals who arrived in the United States on or after July 12, 1995, and he entered the country in 1981. (Doc. 1 at 6). He also asserts that Vietnam has a long-standing and well-documented record of refusing to accept Vietnamese nationals who arrived in the United States before July 12, 1995. (*Id.*). And he says that Federal Respondents cannot remove him because he lacks a valid Vietnamese travel document. (*Id.* at 7).

Given the record, the Court finds that Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Thus, the burden shifts to Federal Respondents to "respond with evidence sufficient to rebut that showing." *Akinwale*, 287 F.3d at 1052.

Federal Respondents contend that there is a significant likelihood of removal in the reasonably foreseeable future because "the Department of Homeland Security regularly removes noncitizens to Vietnam, including 943 Vietnamese nationals in Fiscal Year 2026." (Doc. 8 at 5–6). To support their position, Federal Respondents attach the Declaration of Deportation Officer Carlos Campos who provides data on the number of Vietnamese nationals deported during the previous two fiscal years. (Doc. 8-2 at 2). The officer asserts that ICE frequently sends charter flights to Vietnam, with the next one "tentatively scheduled for early July 2026." (*Id.*). Further, he states that "[s]ince February 2025, all travel documents . . . that could be processed [for Vietnamese nationals] have been issued," and the only outstanding requests have not been processed because the "subjects" in need of them are not in ICE custody. (*Id.*). He also avers that ICE submitted Petitioner's travel document package to the Vietnamese consulate on June 4, 2026, and Vietnam will have 30 days after receipt to approve the request. (*Id.*).

To that end, on August 20, 2026, the Court directed Federal Respondents to file a supplement advising whether the Vietnamese consulate issued any travel documents for Petitioner in response to the June 4, 2026 travel document package. (Doc. 10). Federal Respondents filed their supplement on August 28, 2026, advising that "the Vietnamese consulate has not issued travel documents for Petitioner in response to the travel document package ICE submitted on June 4, 2026." (Doc. 11). As such, Federal Respondents' assertion that Petitioner's detention remains reasonable under *Zadvydas* because of the significant likelihood of removal in the reasonably foreseeable future is speculative and unsupported. The statistics that they rely on—without any information about the circumstances of those previous removals—do not establish that *Petitioner* is

likely to be removed anytime soon. Moreover, despite Officer Campos's Declaration implying otherwise, ICE did not include Petitioner on the charter flight to Vietnam that was tentatively scheduled for early July 2026. And ICE has not placed Petitioner on any subsequent charter flight, considering that ICE records reflect that Petitioner is still in custody. *See* Online Detainee Locator System, ICE, available at https://locator.ice.gov/odls/#/search (last visited Aug. 31, 2026). Likewise, although ICE has requested Petitioner's travel documents, it is unclear when, or if, Vietnam will provide them. (*See generally* Doc. 8; Doc. 8-2). And likely of more import, even if ICE obtains Petitioner's travel documents, Federal Respondents do not advise when or how they will remove Petitioner. (*See generally* Doc. 8; Doc. 8-2). Federal Respondents have thus failed to demonstrate that Petitioner's removal is any more likely than it was when he was detained on October 6, 2025.

Based on the evidence presented, the Court finds Federal Respondents have failed to show a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. Thus, Petitioner is entitled to release from detention under *Zadvydas*.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED** as to Petitioner's *Zadvydas* claim and is otherwise **DENIED without prejudice as moot**.
2. Respondents shall release Petitioner, subject to supervision under 8 U.S.C. § 1231(a)(3), **within 24 hours** of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.
3. Respondent Warden's Motion to Dismiss (Doc. 7) is **DENIED as moot**.

4. The **Clerk** shall enter judgment granting the Petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on August 31, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:
Counsel of Record